**KOSTER & WYTHE, a copartnership, Appellants,**

v.

**Lon MASSEY, dba Massey Equipment Company, Appellee,**
**and**
**Antonio C. Baza, individually and as the United States Marshal, District of Guam, Intervenor.**

**No. 16087.**

United States Court of Appeals Ninth Circuit.

Nov. 26, 1958.

Spiegel, Turner, Wolfson & Novak, Agana, Guam, Lyle H. Turner, San Francisco, Cal., for appellants.

H. G. Homme, Jr., U. S. Atty., Agana, Guam, for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

POPE, Circuit Judge.

Koster & Wythe commenced an action against Massey in the District Court of Guam and in connection therewith caused a writ of attachment to issue. The inter-venor, Baza, the United States Marshal, executed the writ by taking possession of certain personal property of Massey. Thereafter a verdict was returned in favor of the defendant Massey. The plaintiffs moved for a new trial. While the motion for a new trial was pending, and upon motion of the defendant, the district court discharged the attachment pursuant to a Guam statute, § 542b Guam Code of Civil Procedure (1958), which provides that an attachment shall not extend beyond one year. Thereafter plaintiffs' motion for a new trial was granted. Marshal Baza then filed a notice of taxation of costs covering charges for storage of the attached property. The court issued an order to the plaintiffs to show cause why they should not be required to pay those charges.

A hearing was held pursuant to this order.[1] Following the hearing, the clerk, pursuant to the court's direction, entered in his minutes the following: "Court rules that the plaintiff is liable for the U. S. Marshal's costs as part of the costs of the suit. Plaintiff given 10 days in which to pay the sum of Eight Thousand Seven Hundred Nine and 41/100 ($8,-709.41) into the registry of the court. Upon the failure of the plaintiff to pay said sum into the registry of the court, execution is to issue and this pending case is to be dismissed with prejudice."[2]

Koster & Wythe appealed from this order.

The Marshal, Baza, moves to dismiss the appeal on the grounds that (a) the

[1.] At this hearing counsel for Koster & Wythe stated: "We are making special appearance for the purpose of suppressing the motion to quash subpoena duces tecum. We feel that the court has no jurisdiction in this matter, no complaint or summons having been submitted. These are made to refresh Mr. Baza's memory and Mr. Baza is not a party to this action. On those grounds we make no appearance in this case."

[2.] The minute entry in its entirety reads as follows: "4–11 Hearing: Petition, A. C. Baza, United States Marshal, appears in person and with H. G. Homme, Jr., United States Attorney. Defendant ap-pears by Finton J. Phelan, Jr., his attorney. Plaintiff appears neither in person or with counsel. W. Scott Barrett, Esq., enters special appearance on Motion to Quash Subpoena Duces Tecum.— Arguments of counsel had. Court rules that the plaintiff is liable for the U.S. Marshal's costs as part of the costs of the suit. Plaintiff given 10 days in which to pay the sum of Eight Thousand Seven Hundred Nine and 41/100 ($8,-709.41) into the registry of the court. Upon the failure of the plaintiff to pay said sum into the registry of the court, execution is to issue and this pending case is to be dismissed with prejudice."

court made no order; and (b) that if an order was made, it was not appealable.

■ As to the first ground, we think there was an order. What the court stated cannot be construed other than as a decision that plaintiffs were liable for the costs coupled with a direction that the plaintiffs either pay the Marshal or have their suit dismissed and execution issued against them. There is nothing *in futuro* about the minute entry. Fed. Rules Civ.Proc. rule 58, 28 U.S.C.A., defines what is entry of judgment. It is entered by the clerk "when the court directs that a party recover only money or costs * * * the clerk shall enter judgment forthwith upon receipt by him of the direction." At this time the amount claimed as costs had been reduced to $5,000. which plaintiffs paid.

■■ The mere fact that payment was made pursuant to the order does not cut off the plaintiffs' right to appeal just as one who has had his bank account seized under execution and applied to .a judgment is not thereby prevented from appealing. Puget Sound Nav. Co. v. Nelson, 9 Cir., 59 F.2d 697, 702. A person who cannot furnish supersedeas bond does not lose his right to appeal. What he suffers is that he takes the risk of getting the money back again if the judgment is reversed.

■ As to the second ground, we think that the order is a final one under § 1291, Title 28, U.S.C.A., and that it comes within the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and of Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206. Counsel for the Marshal attempted to argue that the time to settle the controversy over the costs was after the case had been fully tried and judgment entered in the main case; that, he says, is the time for taxation of costs.

There are two reasons why we think this reasoning is wrong. In the first place, it is a dispute over rights "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." In the second place, this is a controversy between the plaintiffs on the one hand and the Marshal on the other, and it is wholly collateral to the main suit which is between the plaintiffs and the defendant. In this controversy the defendant is not concerned.[3]

What the plaintiffs argue here is that the Marshal has charged them with an excessive amount for the expenses of storage; they assert that a reasonable charge would be much less. This contention presents a justiciable controversy on which they were entitled to a hearing. It is not important now that they did or did not get a hearing. If they had a hearing that does not prevent an appeal, providing this is an appealable order.

If the plaintiffs after the trial of the case in the court below should lose, they would never have a chance to present the issue of costs in a taxation of costs proceeding because they could not then tax any costs against the defendant. Unless they can make their point now, they may never have another chance.

The motion to dismiss the appeal is denied.

Appellants are granted ten days within which to serve and file their statements of points on which they intend to rely on appeal. Thereafter the parties shall proceed in accordance with the rules of this Court.

---

3. The collateral order doctrine is independent of and not concerned with Rule 54(b). It grew up separate and apart from the problems with which that rule deals. See Moore's Federal Practice, 2nd ed., Vol. 6, § 54.14 at p. 135, and § 54.31 at p. 235, and particularly p. 141.